MURRAY, J.
*567 Plaintiff borrowers Thaddeus J. Potocki and Kelly R. Davenport sued Wells Fargo Bank, N.A. and several other defendants (collectively, *568 "Wells Fargo") arising out of plaintiffs' attempts to get a loan modification. The trial court sustained Wells Fargo's demurrer to the third amended complaint without leave to amend.
On appeal, plaintiffs contend (1) a forbearance agreement obligated Wells Fargo to modify their loan; (2) the trial court erred in finding Wells Fargo owed no duty of care; (3) Wells Fargo's denial of a loan modification was not sufficiently detailed to satisfy Civil Code section 2923.6[1] ; and (4) a claim of intentional infliction of emotional distress was sufficiently pled.
Plaintiffs' third contention has merit. We will reverse the judgment of dismissal, vacate the order sustaining the demurrer insofar as it dismisses the claim for a violation of section 2923.6, and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
Following several successful demurrers, plaintiffs filed their third amended complaint alleging five causes of action: (1) breach of contract, (2) violation of Business & Professions Code section 17200, (3) negligence, (4) violation of section 2923.6, and (5) intentional infliction of emotional distress. As alleged, plaintiffs bought their home in 2004. In 2009, they fell several months behind on mortgage payments. They contacted their mortgage servicer, Wells Fargo, and were offered a loan modification in exchange for agreeing to make three trial payments of $1,633.53.[2] Plaintiffs made the three payments but were never provided mortgage modification paperwork. Three months later, a notice of default was recorded. Shortly after, plaintiffs filed a lawsuit against Wells Fargo alleging wrongful foreclosure related claims, but it was dismissed by plaintiffs without prejudice in early 2014. The complaint in this case was filed in early 2014.
In late 2014, plaintiffs submitted a completed loan modification application with supporting documents requested by Wells Fargo. Wells Fargo reviewed plaintiffs for two separate modifications: a Home Affordable Modification Program or *235 "HAMP" modification, and a non-HAMP "Trial Payment Plan" modification.
Two months later, plaintiffs received a denial for the HAMP modification. The denial explained Wells Fargo could not modify the mortgage because: "[We] do not have the contractual authority to modify your loan because of limitations in our servicing agreement."
*569 Plaintiffs also received a letter regarding the non-HAMP "Trial Payment Plan" review. It stated: "We have good news about the above referenced loan.... We want to ensure that you have every opportunity to retain your home." The letter went on to say that the plaintiffs were required to make three trial payments, the first being $171,745.78, which was "essentially an initial payment of the past due total arrearages ...." The plaintiffs allege it was a constructive denial.
Plaintiffs appealed the decisions with Wells Fargo, and "both denials" were affirmed. Plaintiffs also allege that had Wells Fargo "fairly and carefully reviewed them for the modification, they would have been approved and would not have suffered the damages alleged herein."
The trial court sustained Wells Fargo's demurrer to the third amended complaint as to all causes of action without leave to amend. Plaintiffs timely appealed from the judgment of dismissal following the demurrer.
DISCUSSION
I. Standard of Review
When reviewing an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." ( Committee for Green Foothills v. Santa Clara County Bd. of Supervisors (2010) 48 Cal.4th 32, 42, 105 Cal.Rptr.3d 181, 224 P.3d 920.) "[W]e accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." ( State Dept. of State Hospitals v. Superior Court (2015) 61 Cal.4th 339, 346, 188 Cal.Rptr.3d 309, 349 P.3d 1013.)
II.-III.**
IV. The Homeowner Bill of Rights Claim
As to their claim under section 2923.6 of the Homeowner Bill of Rights, plaintiffs contend the denials as alleged are not sufficiently detailed. We agree a claim has been stated.
*570 A. Additional Background
The third amended complaint alleged the plaintiffs submitted a completed loan modification application and received two written denials, both of which were insufficiently detailed to comply with section 2923.6, subdivision (f). As alleged, Wells Fargo's explanation for denying the HAMP modification was that it lacked, "the contractual authority to modify your loan because of limitations in our servicing agreement." The non-HAMP modification was approved but required an initial payment of $171,745.78. The plaintiffs alleged it was a constructive denial.
The trial court sustained the demurrer concluding the allegations were vague, and plaintiffs failed to provide authority that anything more was required.
B. Analysis
Section 2923.6 subdivision (f) of the Homeowner Bill of Rights requires a servicer, following the denial of a loan modification, *236 to send written notice "identifying the reasons for the denial." Subdivision (f)(2) further requires that "[i]f the denial was based on investor disallowance, the specific reasons for the investor disallowance" must be given. ( § 2923.6, subd. (f)(2), italics added.)
Here, a claim was stated as to the denial of the HAMP modification.[6] The explanation that "[we] do not have the contractual authority to modify your loan because of limitations in our servicing agreement," does not suffice as an explanation - at least for purposes of a demurrer. The statement is ambiguous and appears to imply the investor has not allowed the modification. If that is the case, subdivision (f)(2) requires the "specific reasons for the investor disallowance." As is, the explanation appears to communicate little more than the modification was denied because the investor did not want to approve it.[7]
Wells Fargo responds by noting that where a trustee's deed upon sale has not been recorded (the case here), a borrower may only bring a claim for injunctive relief to enjoin a material violation of section 2923.6. (§ 2924.12, subd. (a)(1).) To that, Wells Fargo maintains any violation of section 2923.6 *571 was not material in that plaintiffs would not have been better able to protect their rights or achieve a more favorable outcome absent the violation. We disagree. Without knowing the investor's actual reason for denying the HAMP modification, we cannot say for certain that the failure to provide "specific reasons for the investor disallowance" was not material.
We will reverse the trial court's order sustaining the demurrer to the section 2923.6 claim and remand for further proceedings.
V. Intentional Infliction of Emotional Distress***
DISPOSITION
The judgment of dismissal is reversed. The order sustaining the demurrer is affirmed in part and reversed in part. It is reversed as to the fourth cause of action for violation of section 2923.6 of the Homeowners Bill of Rights. In all other respects, the judgment is affirmed. The parties shall bear their own costs on appeal.
We concur:
RAYE, P. J.
BUTZ, J.

Undesignated statutory references are to the Civil Code in effect at the time of the alleged events.

As discussed below, the "forbearance agreement" attached to the third amended complaint showed there was no promise of a loan modification.

See footnote *, ante .

As to the non-HAMP modification, no claim was stated as the application was not denied.

Responding to plaintiffs' argument that the denial failed to say what servicing agreement was being referred to, Wells Fargo argues there is little doubt the servicing agreement was "the pooling and servicing agreement which created and governed the WFASC 2005-AR1 securitized trust into which plaintiffs' loan was transferred." Assuming this is true, it does not explain why the HAMP modification was denied.

See footnote *, ante .